IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dayvonn A. Valentine, ) | C/A No. 0:14-2752-RBH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

  Petitioner Dayvonn A. Valentine, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Valentine was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 20.) Valentine filed a response in opposition. (ECF No. 25.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Valentine's Petition denied.

**BACKGROUND**

  Valentine was indicted in Greenville County for eight counts of kidnapping of separate victims (06-GS-23-2706), eight counts of armed robbery of separate victims (06-GS-23-2705), and one count of armed robbery and possession of a weapon during the commission of or the attempt to commit a violent crime (06-GS-23-2707). (App. at 100-31, ECF No. 19-1 at 102-33.) Valentine was represented by Sydney Mitchell, Esquire, and on April 5, 2006 pled guilty as charged. (App. at 1-31,

ECF No. 19-1 at 3-33.) The circuit court sentenced Valentine to twenty years' imprisonment on each of the armed robbery and kidnapping charges and five years' imprisonment for possession of a weapon during the commission of a violent crime, all sentences to be served concurrently. (App. at 29, ECF No. 19-1 at 31.)

Valentine timely appealed and was represented by Eleanor Duffy Cleary, Esquire, Appellate Defender, who filed an <u>Anders</u>[1] brief on Valentine's behalf that presented the following question:

> Whether the plea judge erred in accepting appellant's guilty plea conditioned upon his right to appeal his sentence?

(App. 32-41, ECF No. 19-1 at 34-43.) Valentine did not file a *pro se* response to the <u>Anders</u> brief. On July 14, 2008, the South Carolina Court of Appeals filed an order dismissing Valentine's appeal. (App. at 42-43, ECF No. 19-1 at 44-45.) The remittitur was issued on July 30, 2008. (ECF No. 19-3.)

Valentine filed a *pro se* application for post-conviction relief ("PCR") on April 21, 2009 in which he alleged that counsel was ineffective (1) for advising Valentine to plead guilty despite Valentine's abandonment of participation in the crimes; (2) for advising Valentine to plead guilty to a duplicitous kidnapping indictment; and (3) for misadvising Valentine about the direct consequences of pleading guilty. (See <u>Valentine v. State of South Carolina</u>, 09-CP-23-3441; App. at 44-60, ECF No. 19-1 at 46-62.) The State filed a return. (App. at 62-65, ECF No. 19-1 at 64-67.) On May 9, 2011, the PCR court held an evidentiary hearing at which Valentine appeared and

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967). <u>Anders</u> requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. <u>Anders</u>, 386 U.S. at 744.



testified and was represented by Elizabeth Wiygul, Esquire. By order filed July 6, 2011, the PCR court denied and dismissed with prejudice Valentine's PCR application. (App. at 93-99, ECF No. 19-1 at 95-101.)

On appeal, Valentine was represented by David Alexander, Esquire, Appellate Defender, who filed a Johnson[2] petition for a writ of certiorari on Valentine's behalf that presented the following question:

> Whether the PCR court erred in holding that petitioner's Sixth Amendment right to effective assistance of counsel was not violated because plea counsel failed to communicate a plea offer and gave erroneous advice regarding sentencing?

(ECF No. 19-4.) Valentine filed a *pro se* response to the Johnson petition in which he re-alleged the argument raised in the Johnson petition and also argued that trial counsel was ineffective because he did not move to dismiss the indictments as untimely filed. (ECF No. 19-6.) On May 16, 2014, the South Carolina Court of Appeals issued an order denying Valentine's petition for a writ of certiorari. (ECF No. 19-7.) The remittitur was issued June 4, 2014. (ECF No. 19-8.) This action followed.

## FEDERAL HABEAS ISSUES

The parties appear to agree that Valentine's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** The plea judge erred in accepting appellant's guilty plea conditioned upon his right to appeal

**Ground Two:** Ineffective Assistance of Counsel/Guilty plea was unknowing, [i]nvoluntary and unintelligently made
**Supporting Facts:** a. counsel failed to give proper advice on pleading where petitioner wished to pursue abandonment of crime defense; b. counsel failed to move to dismiss the indictments because

---

[2] Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

Page 3 of 18



they were not timely filed per SCRCrim.P, Rule 3(c); c. attorney failed to communicate a plea offer of sixty-five years; advised he would be eligible for parole; and failed to secure a plea offer of 10 years Petitioner had already accepted.

(Respt.'s Am. Mem. Supp. Summ. J. at 6-7, ECF No. 22 at 6-7; Pet., ECF No. 1.)

## DISCUSSION

A.     **Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex



Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 582 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).



"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting Harrington, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. Harrington, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. See id. at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. Id. Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. Id. at 102. "If this standard is difficult to meet, that is because it was meant to be." Id. Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." Id. at 102-03 (quoting Jackson v. Virginia, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.     Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997), abrogated on other grounds by United States v. Barnette, 644 F.3d 192 (4th Cir. 2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.     Summary Judgment Motion**

    **1.     Ground One**

Valentine first alleges that the plea judge erred in accepting his guilty plea conditioned upon his right to appeal. In support of this ground, Valentine attached a copy of the argument section of the <u>Anders</u> brief submitted on appeal on Valentine's behalf. In this section appellate counsel for Valentine argued that by informing Valentine during the plea colloquy that he had ten days to appeal any sentence he received, the plea court accepted a plea conditioned upon the right to appeal his sentence even though the state Supreme Court "has held on numerous occasions that the trial court may not accept a conditional plea." (Compl., ECF No. 1-2 at 1.) Finally, appellate counsel for Valentine argued that "a conditional plea should be vacated even though the defendant did not move to withdraw the plea." (<u>Id.</u>)

Following <u>Anders</u> review of this claim, the state appellate court dismissed Valentine's appeal. Valentine alleges that this ruling was contrary to the Fourteenth Amendment and that the factual findings were objectively unreasonable.

The respondent contends that Ground One is not cognizable because it rests entirely on state law. Alternatively, the respondent argues that even if this claim were cognizable, it was not properly exhausted in state court and is therefore procedurally barred from federal habeas review. Specifically, the respondent points out that although Valentine presented this issue on appeal, no objection was raised during the plea proceeding, and therefore it was not preserved for appellate review. In response, Valentine argues the "CORE issue" in this ground is the Fourteenth Amendment, that the respondent has waived any preservation argument, and that the appellate court did not indicate that he failed to preserve the issue as a reason for the dismissal of his appeal. (ECF No. 25 at 1-2.)



Upon review of the record and the parties' filings, the court agrees that this claim is not cognizable on federal habeas review. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts," Wilson v. Corcoran, 562 U.S. 1, 4 (2010) (emphasis in original), and "it is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Pulley v. Harris, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Although Valentine attempts to frame his issue for the first time on federal review as a denial of his Fourteenth Amendment rights, "[a] conditional guilty plea does not violate the Constitution. Indeed, the Federal Rules of Criminal Procedure specifically authorize federal courts to accept them. See Rule 11(a)(2), Fed. R. Crim. P." Crawford v. Eagleton, C/A No. 3:12-661-TLW-JRM, 2013 WL 786476, at *9 (D.S.C. Jan. 24, 2013) (Report & Recommendation adopted by 2013 WL 786672 (D.S.C. Feb. 28, 2013) and subsequently affirmed in 2014 WL 7180912 (D.S.C. Dec. 15, 2014)); see also Engle v. Isaac, 456 U.S. 107, 121 & n.21 (1982) (rejecting respondents' argument "to cast their first claim in constitutional terms" where "this claim does no more than suggest that the instructions at respondents' trials may have violated state law" and noting that "[w]e have long recognized that a 'mere error of state law' is not a denial of due process. If the contrary were true, then 'every erroneous decision by a state court on state law would come [to this Court] as a federal constitutional question.' ") (internal citations omitted).

Accordingly, the court finds that the respondent's motion for summary judgment should be granted as to Ground One of Valentine's Petition.

### 2.     Ground Two (Ineffective Assistance of Plea Counsel)

The parties appear to agree that in Ground Two Valentine presents three claims of ineffective assistance of plea counsel. Specifically, Valentine alleges that plea counsel was ineffective in (1) failing to give proper advice on pleading where Valentine wished to pursue an abandonment of crime defense; (2) failing to move to dismiss the indictments because they were not timely filed pursuant to Rule 3(c) of the South Carolina Rules of Criminal Procedure; and (c) failing to communicate a plea offer of sixty-five years, advising Valentine that he would be eligible for parole, and failing to secure a plea offer of ten years that Valentine had already accepted.[3]

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that plea counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. However, to prevail on a claim of ineffective assistance of counsel in connection with a

---

[3] The parties agree that these claims are not procedurally barred from federal habeas review as they were considered and rejected by the PCR court and exhausted by filing a Johnson petition with the state appellate court.



guilty plea, the Strickland test is "some what different." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000). To establish the prejudice prong of the Strickland test, a habeas petitioner who pleaded guilty must show " 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.' " Id. (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

The United States Supreme Court has cautioned federal habeas courts to "guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d)." Harrington, 562 U.S. at 105. The Court observed that while " '[s]urmounting Strickland's high bar is never an easy task[,]' . . . [e]stablishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult." Id. (quoting Padilla v. Kentucky, 559 U.S. 356, 371 (2010)). The Court instructed that the standards created under Strickland and § 2254(d) are both " 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." Id. (citations omitted). Thus, when a federal habeas court reviews a state court's determination regarding an ineffective assistance of counsel claim, "[t]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Id.

The Supreme Court has held that a decision containing a reasoned explanation is not required from the state court. As stated above, if no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. In the case at bar, this court has the benefit of the PCR court's written opinion, certiorari review of which was denied by the South Carolina Court of Appeals, which may provide reasons or theories that the appellate court could have relied upon in summarily denying Valentine's petition.

Therefore, the court will first consider whether the PCR court's order unreasonably misapplied federal law or was based on an unreasonable determination of the facts. Having reviewed the PCR court's order pursuant to the § 2254 standard, the court finds for the reasons that follow that the state court did not unreasonably misapply the Strickland/Hill test in determining that no Sixth Amendment violation occurred.

As summarized by the PCR court, Valentine and his plea counsel testified at the PCR hearing as follows:

> The Applicant stated he retained plea counsel in this case and that they had approximately two (2) or three (3) meetings before the plea date. The Applicant stated he and plea counsel reviewed the discovery materials, charges, and his version of events. The Applicant stated that, while he and plea counsel did not discuss defenses in this case, counsel should have argued both abandonment of the crime and that it was attempted armed robbery. The Applicant stated plea counsel should have moved to dismiss the indictments because they were not timely filed. The Applicant stated plea counsel never told him of a sixty-five (65) year plea offer from the State. The Applicant stated plea counsel told him he would be eligible for parole. The Applicant stated plea counsel told him the plea judge had stated in chambers that he would sentence the Applicant to ten (10) years['] imprisonment. The Applicant stated he did not mention this ten (l0) year deal during the plea hearing because plea counsel told him not to do so.
> Plea counsel testified he filed discovery motions and reviewed the State's evidence with the Applicant. Plea counsel testified he and the Applicant had at least six (6) meetings in which they discussed the facts, evidence, and co-defendants. Plea counsel testified they also discussed the Applicant's version of events and possible defenses. Plea counsel testified the abandonment issue was not viable. Plea counsel testified he would have told the Applicant that he was not eligible for parole. Plea counsel testified he did not recall a sixty-five (65) year plea offer. Plea counsel testified the plea judge never told him that he would levy a ten (10) year sentence. Plea counsel testified the Applicant knew he was pleading guilty without a sentence recommendation and that he did not make any promises to the Applicant about the sentence he would receive.

(App. at 95-96, ECF No. 19-1 at 97-98.)

As an initial matter, in denying and dismissing Valentine's application, the PCR court stated numerous times that it found that Valentine's testimony was not credible and plea counsel's



testimony was credible. (App. at 96-98, ECF No. 19-1 at 98-100.) Valentine's response in opposition to the respondent's motion appears to summarily challenge the PCR court's credibility determination, but he does not provide any information to clearly show that the credibility determination in the PCR court's order is without support. See Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).

Further, the PCR court considered and rejected each of Valentine's allegations of error in turn. First, the PCR court considered Valentine's claim that plea counsel was ineffective in failing to give proper advice on pleading where Valentine wished to pursue an abandonment of crime defense. The PCR hearing transcript reflects that with regard to reviewing or discussing potential defenses with Valentine, plea counsel stated that "there was a discussion . . . he was of the idea, of the concept that because he had thrown his pistol down and run out the back of the . . . store that that constituted some defense on his part." (App. at 85-86, ECF No. 19-1 at 87-88.) Plea counsel testified that "[i]n [his] opinion, this was going to be a case that he was going to be convicted on if he went to trial. No question about it." (App. at 86, ECF No. 19-1 at 88.) Further, as pointed out by the respondent, during the plea colloquy the solicitor provided the plea court with the following factual basis for the charges:

> On July 3rd, 2005, at approximately two o'clock a.m., officers with the Greenville Police Department responded to an armed robbery in progress at the Cheeseburger in Paradise Restaurant located at 535 Haywood Road in Greenville County. Two female employees of the restaurant who were near the front door had seen the defendants enter through the back door, and these two women were able to run out the front door and call 911 on the cell phone. The three defendants had been waiting at the back door for the door to be unlocked for the trash to be taken out and



> when it was they all entered the back door, each wearing bandana masks, gloves on their hands and pointing handguns. The defendants ordered the eight employees who were present in the restaurant onto the floor and robbed them of their personal belongings, keys, cell phones, wallets, money. They forced the manager at gunpoint to open the office safe and took the money that was inside. Finally, they ordered all of the employees into the restaurant's cooler at gunpoint and locked the door. Meanwhile, law enforcement officers had surrounded the restaurant and several entered the front door and took defendant Ricky Conner into custody. Defendant Haynes and Valentine ran out the back door and were apprehended by officers there. The officers were able to release the employees who were in the cooler for only approximately ten minutes or so. They recovered three guns, masks and all of the property that was taken.

(App. at 16-17, ECF No. 19-1 at 18-19.) Valentine and his two co-defendants admitted that these facts were true and correct. (App. at 22, ECF No. 19-1 at 24; see also App. at 17, 19, ECF No. 19-1 at 19, 21.) Finally, during the plea colloquy, Valentine stated that he understood by pleading guilty he was giving up the right to present a defense. (App. at 14, ECF No. 19-1 at 16.)

Based on the foregoing, the PCR court reasonably noted that plea counsel stated that he had discussed the case with Valentine including possible defenses and, in particular, the idea of arguing that Valentine "abandoned his participation in the crimes but that [plea counsel] dismissed this [] defense as not viable." (App. at 97, ECF No. 19-1 at 99.) The PCR court also reasonably found that Valentine "failed to produce any compelling evidence or precedent to corroborate his opinion that such a defense would have been successful." (Id.)

The PCR court next found that Valentine failed to meet his burden of demonstrating that plea counsel should have moved to dismiss the indictments because they were not timely filed pursuant to Rule 3(c) of the South Carolina Rules of Criminal Procedure. During the PCR hearing, Valentine admitted that he waived presentment of the indictments to the grand jury (App. at 76, ECF No. 19-1 at 78), and the plea colloquy confirms that Valentine acknowledged waiving presentment of the indictments with advice of counsel (App. at 12-13, ECF No. 19-1 at 14-15). Nonetheless, Valentine



argues that plea counsel erred in failing to move to dismiss them. The PCR court reasonably noted that "the failure to comply with Rule 3(c) is not an automatic ground to quash a warrant or indictment." (App. at 97, ECF No. 19-1 at 99) (citing State v. Culbreath, 316 S.E.2d 681, 681 (S.C. 1984) ("[T]he failure of the solicitor to act upon a warrant within ninety (90) days . . . does not within itself invalidate a warrant or prevent subsequent prosecution.")). Further, the PCR court reasonably found that Valentine "failed to provide evidence of any prejudice that resulted from the delay." (Id.)

Finally, the PCR court addressed Valentine's claims that plea counsel was ineffective in failing to communicate a plea offer of sixty-five years, advising Valentine that he would be eligible for parole, and failing to secure a plea offer of ten years that Valentine had already accepted. The PCR court reasonably found that Valentine "failed to present any evidence to corroborate his claim that plea counsel did not convey a plea offer of sixty-five (65) years from the State" and that Valentine's testimony to the contrary was not credible. (App. at 97, ECF No. 19-1 at 99.) The PCR court further reasonably found that Valentine's "contention that plea counsel told him the plea judge promised a ten (10) year sentence if he pled guilty" was not credible. (App. at 97-98, ECF No. 19-1 at 99-100.) As pointed out by the PCR court, "[b]oth [Valentine] and plea counsel testified that they knew the guilty plea was taking place without a sentence recommendation and the lack of a recommendation was mentioned during the plea hearing." (App. at 98, ECF No. 19-1 at 100.) The PCR court also found plea counsel's testimony that "there was no conversation with the plea judge about a ten (10) year sentence and that he made no specific promises regarding a potential sentence to Valentine" and plea counsel's testimony that he advised Valentine he would not be eligible for parole with these charges to be credible. (Id.) The PCR court reasonably noted that although Valentine stated that he pled guilty in part based on a belief that he was parole eligible, the plea

PJG

colloquy reflected that Valentine denied relying upon any promises or predictions about parole eligibility. (Id.) (citing App. at 9, ECF No. 19-1 at 11). Moreover, as discussed above, Valentine has failed to provide any information to clearly show that the credibility determination in the PCR court's order is without support.

Thus, the PCR court reasonably concluded that Valentine had "failed to prove the first prong of the Strickland test—that plea counsel failed to render reasonably effective assistance under prevailing professional norms. The Applicant failed to present specific and compelling evidence that plea counsel committed either errors or omissions in his representation of the Applicant." (App. at 98, ECF No. 19-1 at 100.) The PCR court further reasonably held that Valentine "failed to prove the second prong of Strickland—that he was prejudiced by counsel's performance." (Id.)

Upon thorough review of the parties' briefs and the record in this matter, the court finds the PCR court's analysis to be reasonable and concludes that Valentine cannot demonstrate that the PCR court unreasonably misapplied clearly established federal law as decided by the Supreme Court in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams, 529 U.S. at 410; 28 U.S.C. § 2254(d), (e)(1). Thus, Valentine cannot show "there was no reasonable basis" for the state appellate court to deny relief. Harrington, 532 U.S. at 98. As observed by the Harrington court, "[t]he pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard." Harrington, 562 U.S. at 101.

In response to the respondent's motion for summary judgment—which incorporates his arguments as set out in his Petition—Valentine generally reasserts his claims and reiterates his testimony during the PCR hearing in support of his allegations of error. In addition, Valentine challenges plea counsel's testimony that an abandonment defense was not viable by arguing that a



weapon was not found on him because he had thrown it behind a sink and had run to the back door, the victims' stories were contradictory in identifying the color of the guns, and that there was a voluntary renunciation of the necessary acts before their completion. (ECF No. 25 at 4-6, see also ECF No. 1-2 at 4-8.) Valentine reiterates that he pled guilty with the understanding that he would be sentenced to ten years and argues that the indictments should have been dismissed as untimely and the fact that they were not demonstrates prejudice. (ECF No. 25 at 7-8; see also ECF No. 1-2 at 9-10.)

However, upon careful review of the record, with specific reference to the transcript and the PCR court's order, for all of the reasons discussed by the PCR court, the court concludes that Valentine has failed to establish that plea counsel's actions were error, much less that they were objectively unreasonable such that it rendered his performance deficient. Valentine's arguments fail to demonstrate that any of the PCR court's findings were unreasonable nor have they shown that the PCR court's analysis of these issues misapplied clearly established federal law or, even if there was an error, that it was unreasonable. See Williams, 529 U.S. at 410; see also Harrington, 562 U.S. at 101. Accordingly, the respondent's motion for summary judgment should be granted as to Ground Two alleging ineffective assistance of plea counsel.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 18) be granted and Valentine's Petition denied.

May 18, 2015  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Robin L. Blume, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).