UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Dayvonn A. Valentine, ) | Civil Action No.: 0:14-cv-02752-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Leroy Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner Dayvonn A. Valentine, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* Petition, ECF No. 1. Respondent Warden Leroy Cartledge filed a motion for summary judgment, a return and supporting memorandum, and an amended return and supporting memorandum. *See* ECF Nos. 18, 19, & 22. Petitioner filed a response in opposition to Respondent's motion for summary judgment. *See* ECF No. 25. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[1] *See* R & R, ECF No. 27. The Magistrate Judge recommends the Court grant Respondent's motion for summary judgment and deny Petitioner's petition. R & R at 1, 17. Petitioner filed timely objections to the R & R. *See* ECF No. 35.

For the reasons stated below, the Court adopts the Magistrate Judge's R & R and grants Respondent's motion.

**Background**

Petitioner pleaded guilty in state court to eight counts of kidnaping, nine counts of armed robbery, and one weapon possession charge, and he received an aggregate sentence of twenty years'

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C.

imprisonment.[2]  Petition at 1; ECF No. 19-1 at 95-96.  The Magistrate Judge provides a thorough summary of the facts and procedural history of this case, with citations to the record, in her R & R.  *See* R & R at 1-3.  Respondent filed no objections to the R & R, and Petitioner's objections do not dispute the Magistrate Judge's rendition of the procedural history.  Accordingly, finding no clear error, the Court adopts the facts and procedural history set forth in the R & R.

Petitioner raised two grounds for relief in his § 2254 petition.  *See* Petition at 5-7; ECF No. 1-2.  Respondent agreed Petitioner exhausted his state remedies for both grounds as required by 28 U.S.C. § 2254(b)(1)(A), and that both grounds were ripe for adjudication in federal court.  ECF No. 22 at 7-8.  In Ground One, Petitioner argued the state plea court erred by accepting his guilty plea conditioned upon reservation of his right to appeal.  Petition at 5, ECF No. 1-2 at 1-3.  In Ground Two, Petitioner alleged his guilty plea was involuntary as a result of three instances of ineffective assistance of his plea counsel.  Petition at 7, ECF No. 1-2 at 4-17.  The Magistrate Judge's R & R addresses both grounds in detail.  R & R at 3, 8-17.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[2]  The state plea court imposed concurrent sentences of twenty years' imprisonment for each kidnaping and armed robbery charge and five years' imprisonment for the weapon possession charge.  ECF No. 19-1 at 31.

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

### I.   Habeas Standard

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 governs review of his claims. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

3

decision," and "[e]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 88 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, state court factual determinations are presumed to be correct, and Petitioner has the burden to rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**II.     The R & R and Petitioner's Objections**

   **A.     Ground One**

Petitioner alleged in Ground One of his petition that the state plea court erred by allowing him to enter a conditional guilty plea. Petition at 5, ECF No. 1-2 at 1-3. The Magistrate Judge recommends the Court find Ground One is not a cognizable claim for federal habeas review because it raises an exclusively state law claim. R & R at 9. The Magistrate Judge concludes that although Petitioner seeks to frame the issue as a denial of his Fourteenth Amendment rights, the issue does not raise a federal constitutional question because conditional guilty pleas do not violate the Constitution. *Id.* Thus, the Magistrate Judge recommends the Court grant Respondent's motion for summary judgment as to Ground One. *Id.* In his objections, Petitioner states, "Petitioner verbatim re-argue[s] ground one as it is set out in his petition for habeas corpus and his reply to the Respondent's motion for summary judgment." *See* ECF No. 35 at 1-2.

The Court notes Petitioner has not made a specific objection to the R & R as required by 28 U.S.C. § 636(b)(1). His objection relies on the same arguments made in his petition and response to Respondent's motion for summary judgment. *Cf. Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005) ("Plaintiffs' objections to the R & R are complete rehashings of arguments made to, and rejected by, the Magistrate. . . . The court notes that it need not conduct a de novo review of

4

objections presented in this form, as these objections never cite specific conclusions of the R & R that are erroneous."). Nevertheless, in an abundance of caution, the Court has conducted a de novo review of the merits of Ground One and finds no error in the Magistrate Judge's recommendation.

The Court agrees with the Magistrate Judge's conclusion that Ground One does not raise a cognizable claim for federal habeas review.[3] As the Magistrate Judge recognized, a conditional guilty plea does not violate the Constitution or any federal law. *See* Fed. R. Crim. P. 11(a)(2) (authorizing the entry of a conditional guilty plea); *see also State v. Rice*, 401 S.C. 330, 332, 737 S.E.2d 485, 486 (2013) ("While South Carolina has remained steadfast in its opposition to conditional guilty pleas, many states allow conditional guilty pleas, primarily through statutes and court rules. In fact today, most states, all federal courts, military courts, and the District of Columbia permit conditional guilty pleas in some manner."). Moreover, Petitioner cannot use a federal habeas petition to challenge an alleged error of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (reiterating "federal habeas corpus relief does not lie for errors of state law"). Accordingly, the Court overrules Petitioner's objection and adopts the Magistrate Judge's recommendation as to Ground

---

[3]    The Court also notes that it has reviewed the record from Petitioner's plea hearing, and it does not appear Petitioner entered a plea that could be considered conditional and therefore invalid under South Carolina law. The plea court informed Petitioner that he had ten days to file an appeal of the court's sentence. ECF No. 19-1 at 18. *See Easter v. State*, 355 S.C. 79, 81, 584 S.E.2d 117, 119 (2003) (stating an objection to a sentence imposed after entry of a guilty plea does not render a plea conditional or invalid because "[s]entencing, although often combined with the admission of guilt in a hearing, is a separate issue from guilt and a distinct phase of the criminal process"). The plea court did not, however, attach any qualifications to Petitioner's plea, and Petitioner did not seek to reserve any right to appeal from any particular aspect of his plea. It is clear that the plea court simply informed Petitioner of his general right to appeal, and nothing more. *See generally* Rule 203(b)(2), SCACR (stating a party seeking to appeal a conviction resulting from either a plea or trial must serve a notice of appeal on the State within ten days after imposition of the sentence).

One.

### B.     Ground Two

Petitioner alleged in Ground Two of his petition that his guilty plea was rendered involuntary as a result of multiple instances of ineffective assistance of plea counsel. Petition at 7; ECF No. 1-2 at 4-16. The two instances relevant to Petitioner's objections are the allegations that plea counsel was ineffective for (1) failing to move to dismiss the indictments because they were not timely filed pursuant to Rule 3(c) of the South Carolina Rules of Criminal Procedure (SCRCrimP); and (2) failing to provide adequate representation at the plea bargaining stage. *Id.* Petitioner raised these claims in his state post-conviction relief (PCR) application, and the state PCR court rejected them. *See* ECF No. 19-1 at 48, 54-62, 94-100; ECF Nos. 19-4, 19-7, and 19-8. The Magistrate Judge addresses the ineffective assistance claims on the merits and recommends the Court grant Respondent's motion for summary judgment as to Ground Two. R & R at 12-17. In his objections, Petitioner makes the general objection that he "object[s] and re-argue[s] verbatim" the ineffective assistance allegations presented in his petition. ECF No. 35 at 3. Petitioner does, however, present two specific objections. *Id.* at 2-4. He first argues the Magistrate Judge erred in finding he failed to show plea counsel was ineffective for failing to move to dismiss the indictments pursuant to Rule 3(c), SCRCrimP. *Id.* at 3-4. Second, Petitioner contends the Magistrate Judge erred by not addressing the argument in his petition concerning *Lafler v. Cooper*, 132 S. Ct. 1376 (2012).

Claims of ineffective assistance of counsel must be reviewed under the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984). A habeas petitioner must first show counsel's performance was deficient and fell below an objective standard of reasonableness. *Id.* at 687-88. Second, the petitioner must show prejudice, meaning "there is a reasonable probability that, but for

counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694.  In cases brought under § 2254, "it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied *Strickland* incorrectly.  Rather, . . . § 2254(d)(1) requires a habeas petitioner to show that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner."  *James v. Harrison*, 389 F.3d 450, 457 (4th Cir. 2004) (internal quotation marks and citations omitted).

### 1.     Plea Counsel's Failure to Move to Dismiss the Indictment

Regarding Petitioner's first objection, the Court agrees with the Magistrate Judge that Petitioner is not entitled to federal habeas relief on his claim that plea counsel was ineffective for failing to move to dismiss the indictments pursuant to Rule 3(c), SCRCrimP.[4]  R & R at 14-15.  As the Magistrate Judge explained, the state PCR court applied the *Strickland* standard to the facts of Petitioner's claim. R & R at 15; ECF No. 19-1.  First, the PCR court found Petitioner failed to show counsel was deficient for not moving to dismiss the indictment, ECF No. 19-1 at 99, given that South Carolina law is clear that "the failure of the solicitor to act upon a warrant within ninety (90) days . . . does not within itself invalidate a warrant or prevent subsequent prosecution."  *State v. Culbreath*, 282 S.C. 38, 40, 316 S.E.2d 681, 681 (1984) (discussing Circuit Court Rule 95, the predecessor to Rule 3, SCRCrimP). Second, the PCR court found Petitioner failed to demonstrate he suffered any prejudice resulting from the alleged delay in the solicitor's preparation of his indictments.  ECF No. 19-1 at 99.  The Court finds

---

[4]     Rule 3(c), SCRCrimP, provides:

> Within ninety (90) days after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentment to the grand jury, which indictment shall be filed with the Clerk of Court, assigned a criminal case number, and presented to the Grand Jury; (2) formally dismissing the warrant, noting on the face of the warrant the action taken; or (3) making other affirmative disposition in writing and filing such action with the Clerk of Court.

Petitioner has not shown the PCR court's findings were contrary to or unreasonable under the *Strickland* standard, or that they were based upon an unreasonable determination of the evidence presented at the state PCR hearing. *See Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) ("We also accord state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence." (citing 28 U.S.C. § 2254(e)(1)). Accordingly, the Court overrules Petitioner's objection as to this issue.

### 2.   *Lafler v. Cooper*

In his petition, Petitioner argued plea counsel did not provide effective assistance at the plea bargaining stage, claiming plea counsel failed to communicate a plea offer of sixty-five years from the State.[5]  Petition at 7, ECF No. 1-2 at 12-16. In support of this allegation, Petitioner cited *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), in which the Supreme Court discussed the Sixth Amendment right to counsel and its application to plea bargains. ECF No. 1-2 at 12-13.

Regarding plea offers, the Supreme Court has held that "as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012); *see also Lafler*, 132 S. Ct. at 1384 ("Defendants have a Sixth Amendment right to counsel, a right that extends to the plea-bargaining process."). However, even if defense counsel is deficient, a petitioner must still demonstrate prejudice. In *Lafler*, the Supreme Court set forth the prejudice standard that a criminal

---

[5]      Petitioner also mentioned a "plea offer of 10 years" that plea counsel failed to secure. ECF No. 1-2 at 15. Having reviewed the PCR records, the Court notes Petitioner appears to be referring not to a plea *offer* from the State, but to an alleged conversation that plea counsel had with the plea judge about a ten-year *sentence* (as opposed to the twenty-year sentence that Petitioner actually received). Petitioner testified at the PCR hearing that counsel told him, just before the plea hearing began, that "he spoke with the judge in his chambers and he would get [Petitioner] 10 years." ECF No. 19-1 at 78-79. The PCR court found Petitioner's testimony not credible and denied relief on this issue. *Id.* at 98-100.

8

defendant must satisfy to receive relief for counsel's failure to properly convey a plea offer:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

132 S. Ct. at 1385. The *Lafler* Court specified this inquiry is rooted in the prejudice test found in *Strickland*. *Id.* at 1385-90 ("To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." (internal citation omitted) (quoting *Strickland*, 466 U.S. at 694)).

Although the Magistrate Judge does not mention *Lafler* by name in the R & R, the Magistrate Judge committed no error because she applied a *Strickland* analysis to Petitioner's claim that plea counsel was ineffective for not communicating a sixty-five-year plea offer. *Compare* R & R at 15-16, *with Lafler*, 132 S. Ct. at 1390 (applying "*Strickland*'s two-part test"). As to plea counsel's performance, the Magistrate Judge found evidence from the PCR hearing supported the PCR court's finding that counsel was not deficient. *Id.* at 16. Plea counsel testified at the PCR hearing that he did not recall a sixty-five-year plea offer from the State. ECF 19-1 at 89. Plea counsel stated, "I don't specifically recall that plea offer," and explained what he "took . . . to [Petitioner] was a straight up plea . . . with no offer. There was no deal." *Id.* at 89. Plea counsel also testified he explained to Petitioner that the State was not making a sentence recommendation, and that Petitioner appeared to understand his explanation. *Id.* Although Petitioner testified he learned after he was sentenced that the

9

State had made a plea offer for sixty-five years, the PCR court found Petitioner's testimony not credible and plea counsel's testimony credible. *Id.* at 77-78, 95-96. *See Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear." (citing 28 U.S.C. § 2254(e)(1)). Given these facts, it was reasonable for the PCR court to find Petitioner had not shown his attorney was deficient under *Strickland*. *See* ECF No. 19-1 at 100.

The practical implication of the PCR court's credibility finding is that the State never made a plea offer.[6] Thus, Petitioner cannot show prejudice—the *Strickland* prong at issue in *Lafler*—when, in fact, no plea offer ever existed. *See Lafler*, 132 S. Ct. at 1387 ("If no plea offer is made, . . . the issue raised here simply does not arise."). Accordingly, the Court finds the Magistrate Judge did not err in not discussing *Lafler* and reaches the same conclusion as the Magistrate Judge: that the state court's rejection of Petitioner's claims of ineffective assistance of counsel was not contrary to or unreasonable under the *Strickland* standard. The Court overrules Petitioner's objections and adopts the Magistrate Judge's recommendation as to Ground Two.

**Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that

---

[6] Additionally, the plea transcript shows the plea court asked Petitioner, "Do you have any plea agreement with the State?", to which Petitioner answered, "No, sir." ECF No. 19-1 at 24.

the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In this case, the Court concludes Petitioner has not made the requisite showing of "the denial of a constitutional right."

## Conclusion

The Court has reviewed the entire record, including the Magistrate Judge's R & R and Petitioner's objections, and the applicable law. The Court has conducted a de novo review of the portions of the R & R to which Petitioner specifically objects, and it finds no merit in Petitioner's objections. For the reasons stated in the Court's order and the Magistrate Judge's R & R, the Court overrules Petitioner's objections and adopts and incorporates by reference the R & R [ECF No. 27].

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [ECF No. 18] is **GRANTED** and that Petitioner's petition for a writ of habeas corpus [ECF No. 1] is **DISMISSED WITH PREJUDICE.  IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, SC  
July 14, 2015

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge